UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>CERVERICO RAMIREZ,<br><br>             Defendant. | 17-CR-00676<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

**Appearances**

**For United States:**

    Erin Reid
    United States Attorney's Office
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, NY 11201
    718-254-6361
    erin.reid@usdoj.gov

**For Defendant:**

    Michael K. Schneider
    Federal Defenders of New York
    One Pierrepont Plaza
    16th Floor
    Brooklyn, NY 11201
    718-330-1161
    michael_schneider@fd.org

1

JACK B. WEINSTEIN, Senior United States District Judge

# Table of Contents

I. Introduction ............................................................................................. 2
II. Background ............................................................................................ 3
    A.     Defendant's Background ............................................................... 3
    B.     Instant Offense: Illegal Reentry and Arrest ................................... 3
    C.     Guilty Plea ...................................................................................... 4
    D.     Sentencing ..................................................................................... 4
III. Offense Level, Category, and Sentencing Guidelines Range .............. 4
IV. Law ........................................................................................................ 5
V. Consistency in Sentencing ..................................................................... 7
VI. Sentence ................................................................................................ 7
VII. Conclusions ......................................................................................... 8

## I. Introduction

Cerverico Ramirez ("defendant") is a Guatemalan citizen who reentered the United States illegally in order to earn more money to support his family in Guatemala. He pled guilty to the offense of illegal reentry after having previously been deported from the United States following a felony conviction, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1). *See* Presentence Investigation Report, Jan. 17, 2018 ("PSR") at ¶ 1.

Mr. Ramirez was sentenced to time served, three years of supervised release, and a $100 special assessment. He is expected to be deported following his release from criminal custody. *See* Jan. 31, 2018 Sent. Hr'g, 3:24. The court found that Mr. Ramirez was incarcerated for at least four months on the present charge. *See* Jan. 31, 2018 Sent. Hr'g, 10:10.

## II. Background

### A. Defendant's Background

Mr. Ramirez is twenty-six years old and a citizen of Guatemala. PSR at ¶ 30. He had a difficult upbringing: he is one of eleven children, and began working with his father in the fields when he was just eleven years old. *Id.* at ¶¶ 30-31.

Despite these hardships, Mr. Ramirez has maintained a close relationship with his parents and siblings. *Id.* at ¶ 31. The defendant is married and shares a three-year-old daughter with his wife. *Id.* at ¶ 34. His wife and daughter both live with his parents in Guatemala. *Id.* at ¶ 34.

Prior to his arrest, the defendant provided financial assistance to his wife and parents (about $3,000 per month). *Id.* at ¶ 31. Mr. Ramirez believes that his parents and wife are struggling to support themselves financially—exacerbated by the weakened economy in Guatemala. *Id.* at ¶¶ 31, 34.

### B. Instant Offense: Illegal Reentry and Arrest

The defendant was deported to Guatemala in August 2014 after a conviction for Attempted Robbery in the Third Degree in New York state court. PSR at ¶¶ 3, 23.

After his deportation, Mr. Ramirez returned to the United States illegally. *See* PSR at ¶ 7 (because the defendant has not met his three-year-old daughter, Probation assumes that he reentered the United States in 2015).

A search of Immigration and Customs Enforcement records could not locate any record of defendant having applied for permission to reenter the country. PSR at ¶ 6.

In January 2016, Mr. Ramirez was arrested following an alleged robbery. *Id.* at ¶ 24. A jury acquitted him of the robbery charge, but convicted him of resisting arrest during the incident. *See id.* at ¶ 24; *see also* Defs. Sent. Memo. at 1, ECF No. 14. In September 2017, he

3

was sentenced to one-year of incarceration, which he had already served. *See* USA Sent. Memo. at 2, ECF No. 17. Mr. Ramirez was transferred to federal custody in November 2017. *See id.*; *see also* PSR at 1.

**C. Guilty Plea**

Mr. Ramirez pled guilty to being present in the United States without the express consent of the United States Department of Homeland Security after having previously been deported from the United States following a conviction for a felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1). *See* PSR at ¶1; *see also* 8 U.S.C. §§ 1326(a), 1326(b)(1).

The applicable statute does not provide for a mandatory minimum term of imprisonment. The maximum term of imprisonment is ten years. *See* PSR at ¶ 50; *see also* 8 U.S.C. §§ 1326(a), 1326(b)(1).

**D. Sentencing**

A sentencing hearing was conducted on January 31, 2018. *See* Jan. 31, 2018 Sent. Hr'g. Before sentencing, the defendant affirmed his guilty plea. *Id.* at 3. The proceedings were videotaped to develop an accurate record of courtroom atmosphere, as well as the factors and considerations that a court evaluates in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

**III. Offense Level, Category, and Sentencing Guidelines Range**

The base offense level is 8. *See* PSR at ¶ 12; U.S.S.G. § 2L1.2. The offense level was increased by 4 points because the defendant had been previously deported after being convicted of a felony offense. PSR at ¶ 13; U.S.S.G. §2L1.2(b)(2)(D). The offense level was decreased by two points for defendant's acceptance of responsibility. PSR at ¶ 19; U.S.S.G. §3E1.1(a).

The total adjusted offense level is 10. PSR at ¶ 20. The defendant's criminal history category is III. *Id.* at ¶ 25. This yields a Guidelines sentencing range of 10 to 16 months. *Id.* at ¶ 51.

The defendant argues for a downward departure in the Guidelines calculation due to his slight build and immature appearance, which will render him vulnerable to abuse in prison. Defs. Sent. Memo. at 2, ECF No. 14; *see United States v. Gonzalez*, 945 F.2d 525 (2d Cir. 1991) (finding that "extreme vulnerability of a criminal defendant is a proper ground for departure . . . [and] appropriate to ensure [the defendant's] safety.") (internal citations omitted).

## IV. Law

Pursuant to the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220 (2005), the Guidelines are advisory. The sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense."); *see also Pepper v. United States*, 562 U.S. 476, 477 (2011) ("[A]lthough the Guidelines should be the starting point and the initial benchmark, district courts may impose sentences within statutory limits based on appropriate consideration of all the factors listed in § 3553(a), subject to appellate review for reasonableness.") (internal citations omitted).

Downward departures have been ordered by this court and affirmed by the Court of Appeals for the Second Circuit in cases where the Guidelines range would impose extraordinary

hardship on a defendant's family. *See e.g., United States v. Adams*, No. 16-CR-0301, 2017 U.S. Dist. LEXIS 93084 at *10 (E.D.N.Y. June 16, 2017) (citing *United States v. Johnson*, 964 F.2d 124, 129 (2d Cir. 1992)) (ordering a downward departure where defendant was solely responsible for the upbringing of children); *see also United States v. Alba*, 933 F.2d 1117 (2d Cir. 1991) (affirming downward departure where defendant's imprisonment would harm adult relatives needing special care and might result in destruction of family unit).

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is outside the range of the Sentencing Guidelines, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now advisory rather than mandatory, *Booker*, 543 U.S. at 245-46, the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons may be brief, but it shall "set forth enough to satisfy the appellate court that [the sentencing court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *See Rita v. United States*, 551 U.S. 338, 356, (2007); *see also United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) ("A district judge imposing a non-Guidelines sentence . . . should say why she is doing so, bearing in mind . . . that a major departure from the Guidelines should be supported by a more significant justification than a minor one.") (internal citations omitted).

In view of the widespread incarceration rates and their unnecessary, deleterious effects on individuals sentenced, society, and our economy, parsimony in incarceration is to be prized. *See, e.g.,* 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than

6

necessary."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

**V. Consistency in Sentencing**

This court has attempted to craft consistent sentences by establishing general criteria for "similar" cases. With respect to cases in which the defendant is a noncitizen facing deportation following incarceration, this court has determined that, "[c]onsidering the grave hardships deportation entails, the nation's present deportation policy, and the core purposes of criminal sentencing, *see* 18 U.S.C. § 3553, imposition of minimal prison time, with prompt deportation should be normal in such cases—subject to variations for individual circumstances." *United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *1 (E.D.N.Y. Sept. 24, 2014); *see also United States v. Sarpong*, No. 14-CR-242, 2014 WL 5363775, at *2 (E.D.N.Y. Oct. 21, 2014) (accounting for prospect of deportation when imposing a term of incarceration); *United States v. Palaguachy*, No. 14-CR-0184, 2014 WL 6606668, at *2 (E.D.N.Y. Nov. 19, 2014) (same); *United States v. Florez Parra*, No. 14-CR-332, 2015 WL 105885, at *2 (E.D.N.Y. Jan. 7, 2015) (same); *United States v. Palhua*, No. 15-CR-536, 2016 WL 1222257, at *3 (E.D.N.Y. Mar. 24, 2016) (finding that "the most appropriate action . . . is to sentence [defendant] to time served so that he can be deported immediately").

**VI. Sentence**

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. In light of the nature of the offense and the characteristics of defendant, Mr. Ramirez was sentenced to time served of approximately four

7

months. *See* Jan. 31, 2018 Sent. Hr'g, 10:10. A $100 special assessment was imposed. 18 U.S.C. § 3013; *see also* Jan. 31, 2018 Sent. Hr'g, 8:18. No fine was imposed in light of defendant's inability to pay one. *See* Jan. 31, 2018 Sent. Hr'g, 8:20. Three years supervised release was ordered. *See* Jan. 31, 2018 Sent. Hr'g, 8:10-11.

General and specific deterrence are achieved by this sentence. Mr. Ramirez pled guilty to a serious offense. He has expressed genuine remorse for his conduct, understands the gravity of his actions, and has been incarcerated for four months in prison. He will be deported and will suffer the collateral consequences of a felony conviction, as well as a three-year supervised release term.

## VII. Conclusions

In light of the nature and circumstances of the offense and the history and characteristics of the defendant, Mr. Ramirez is sentenced to an incarceration term of four months, with credit for time served, and a term of supervised release of three years.

A $100 special assessment is imposed. 18 U.S.C. § 3013(a)(2)(A).

No fine is levied. Mr. Ramirez does not possess substantial assets in the United States or in Guatemala, and is unlikely to possess such assets in the future.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: February 16, 2018
      Brooklyn, New York